**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>United States of America</u>

  v.                  Civil No. 08-cv-394-JM

<u>R GUNS Model 44,
7.62 x 54 caliber rifle,
Serial Number 11844;</u>

<u>Winchester, Model 1300,
12 caliber shotgun,
Serial Number L3580523;</u>

<u>Sturm Ruger, Model MINI 12,
223 caliber rifle,
181-99128;</u>

<u>Sturm Ruger, Model 10/22,
22 caliber rifle,
Serial Number 350-62131;</u>

<u>Walther, Model P22,
22 caliber pistol,
Serial Number L010173;</u>

<u>Berretta, Pietro S.P.A.,
Model CX4 Storm, 9 caliber rifle,
Serial Number CX04102;</u>

<u>Servu Forearms, Model BFG50,
50 BMG caliber rifle,
Serial Number 1253;</u>

<u>Century Arms International,
Model L1A1 Sporter, 308 caliber rifle,
Serial Number 104090;</u>

<u>Century Arms International,
Model L1A1 308 caliber rifle,
Serial Number AD6215176;</u>

<u>Harrington and Richardson Model 088,
16 caliber shotgun,
Serial Number 9300371;</u>

<u>Norinco, Model MAK90,
762 caliber rifle,
Serial Number 9300371;</u>

<u>Norinco, Model MAK90,
762 caliber rifle,
Serial Number 9475459;</u>

<u>Arsenal Co. Of Bulgaria, Model SLR95,
762 caliber rifle,
Serial Number IM371098;</u>

<u>Serbu Firearms, Model BFG50,
50 BMG caliber rifle,
Serial Number 1292</u>

### **O R D E R**

The United States moves for partial judgement, i.e., for judgment dismissing the claim of Cirino Gonzalez.  Cirino Gonzales, by counsel, objects.

<u>Background Facts</u>

This is an in rem asset forfeiture action against several weapons involved in crimes for which Cirino Gonzalez and others have been convicted.  Cirino Gonzalez filed a claim to three of the weapons and he has filed a timely answer.  Cirino's brother, Romeo Lee Gonzalez, filed a claim for the same three weapons.

In Cirino Gonzalez' answer, he admits that he gave the three weapons to his brother Romeo in June 2007 and that Romeo claimed

an interest in the property. In his trial testimony, Cirino testified that he gave the guns to his brother and they were his brother's property. The weapons were at the residence shared by Cirino and his brother when Cirino was arrested.

## Discussion

As the government succinctly and correctly argued, Cirino Gonzalez has no standing to challenge the forfeiture until and unless he demonstrates an ownership or possessory interest in the guns. See, United States v. 116 Emerson Street, 942 F.2d 74, 78 (1st Cir. 1991).

Whether one has the requisite ownership interest in property in an in rem action is determined under state law. The weapons were seized in Texas where Cirino was arrested. Texas law applies. An inter vivo gift is completed under Texas law when the donor delivers the property to the donee with the intent to transfer ownership. See, e.g. Woodworth v. Cortez, 660 S.W. 2d 561, 563-64 (Tex Civ. App. 1983); see also, United States v. $9,041,598.68 in United States Currency, 976 F. Supp. 633, 639 S.D. Tex. 1997). In his answer and at his trial, Gonzalez has admitted that he gifted the weapons to his brother with the intent to transfer ownership. Paragraphs 9 through 11 of Gonzalez' answer clearly acknowledge that he gave the weapons at issue to his brother. "A party's assertion of fact in a pleading

is a judicial admission by which he is bound." <u>Schott Motorcycle Supply, Inc. v. American Honda Motor Company, Inc.</u>, 976 F.2d 58, 61 (1st Cir. 1992). His admission is consistent with his father's and brother's filing. He is bound by the admission. He therefore has no standing.

Judgement is ordered for the United States against Cirino Gonzalez.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: July 22, 2009

cc: Seth R. Aframe, Esq.
　　 David H. Bownes, Esq.
　　 Stanley W. Norkunas, Esq.
　　 Romeo Lee Gonzalez, *pro se*