**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>United States of America</u>

   v.	Civil No. 08-cv-394-LM

<u>One R GUNS Model 44, 7.62 x 54
caliber rifle Serial Number 11844,
seized from Jason Gerhard, et al.</u>

**O R D E R**

Before the court is claimant Daniel John Riley's Motion to Set Aside a civil forfeiture action, filed pursuant to 18 U.S.C. § 983(e)(1)(A) and Fed. R. Civ. P. 60(b) (doc. nos. 55 & 58).[1] Plaintiff, United States, objects (doc. no. 56). For the reasons explained herein, the motion is denied.

<u>Background</u>

As there does not appear to be any material dispute regarding the facts relevant to my determination of this matter, I will summarize the necessary facts as provided by one or both parties. On September 22, 2008, plaintiff filed this in-rem asset forfeiture action against several weapons then in

---

[1] Riley characterizes his action as a Motion for Relief from Final Judgment filed pursuant to Fed. R. Civ. P. 60(b). The specific statutory authority for this action resides in 18 U.S.C. § 983(e)(5) ("A motion filed under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute").

plaintiff's possession that were involved in federal criminal offenses.  Among the weapons of which forfeiture was sought were weapons in which Riley, convicted of certain criminal offenses underlying the seizure of the weapons and this forfeiture action, see United States v. Riley, No. 07-189-GZS, potentially maintained a property interest.

Plaintiff attempted to notify Riley of the forfeiture proceedings by sending certified mail to Sven Wiberg, who had served as Riley's standby counsel in the underlying criminal matter, and who continued to represent Riley in some fashion in the First Circuit Court of Appeals.  Plaintiff also sent a notice by regular mail directly to Riley at the Strafford County House of Corrections where he was then incarcerated.  Riley never filed a claim in the forfeiture action.  The weapons were forfeited and destroyed.[2]

---

[2]The destruction of the property in question does not bar this action.

> If, at the time a motion made under [18 U.S.C. § 983(e)(1)] is granted, the forfeited property has been disposed of by the Government in accordance with law, the Government may institute proceedings against a substitute sum of money equal to the value of the moving party's interest in the property at the time the property was disposed of.

Id. § 983(e)(4).

Riley asserts, and there is no reason to disbelieve, that he did not receive actual notice of the forfeiture proceedings. Attorney Wiberg never notified Riley of the forfeiture notice he received, and Riley did not receive the letter mailed to the jail. While two other individuals involved in the forfeiture, also incarcerated at the Strafford County House of Corrections, received actual notice by certified mail, Riley first heard of the forfeiture action upon receipt of an email from a family member on May 24, 2010, advising him that the forfeiture order had been entered on August 5, 2009. Riley filed this motion shortly after receiving that email.

Riley asserts that plaintiff had been notified several times during the course of Riley's criminal trial, and was aware, that mailing things to Wiberg was not a reliable way of communicating with Riley, as Riley had previously notified both the Court and plaintiff that he was not receiving some materials sent to Wiberg. Plaintiff had agreed during the pendency of the criminal case to send correspondence directly to Riley at his place of incarceration in addition to sending it to Wiberg. Riley argues plaintiff should have sent him notice by certified mail to the jail where he was incarcerated and that the failure to do so constituted a failure to provide him adequate notice of

the proceedings, in violation of his Fifth Amendment due process rights.

Plaintiff objects. Plaintiff asserts that notice was mailed to Riley's attorney and to the jail, that notice was properly made pursuant to Rule G(4)(b)(iii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supp. R.") which govern the procedure to be followed in civil forfeiture actions, and that its efforts comport with the requirements of due process.

## Discussion

Riley's sole basis for this action is the allegedly improper notice given to him of this forfeiture proceeding. Supp. R. G(4)(b)(iii)(A) requires notice to "be sent by means reasonably calculated to reach the potential claimant." That rule further allows notice to be sent to the potential claimant or his attorney in a related criminal case. If notice is sent to a potential claimant who is incarcerated, the rule mandates that it be sent to the place of incarceration. Riley contends that he did not receive actual notice of the forfeiture proceedings, and that the Government failed to send him notice "by means reasonably calculated" to reach him, in violation of his due process right to adequate notice of the proceedings.

Due process requires the government to afford an

> owner "notice and an opportunity to be heard" before civilly forfeiting his property, but actual *receipt* of notice by the [claimant] is not automatically required. . . . [D]ue process requires the provision of "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." "Reasonably calculated" means likelihood, not certainty.

Whiting v. United States, 231 F.3d 70, 76 (1st Cir. 2000) (emphasis in original) (quoting United States v. James Daniel Good Real Prop., 510 U.S. 43, 46 (1993), and Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)) (certified mail sent to prison where owner actually held is sufficient notice in forfeiture case).  Recognizing a split in the circuits as to what constitutes adequate notice of forfeiture proceedings for federal inmates, the Supreme Court, in Dusenbury v. United States, 534 U.S. 161, 169 (2002), reaffirmed the Mullane standard that if procedures to afford notice are "reasonably calculated under all the circumstances" to apprise an interested inmate of a forfeiture proceeding, and if the government has attempted to provide actual notice, the inmate need not actually receive the notice for the attempt to pass constitutional muster.  See Dusenbury, 534 U.S. at 173 (notice sent by certified mail to inmate at the prison where he was actually held satisfied due process although inmate did not receive actual notice).  If plaintiff knew that mail delivery to the

Strafford County House of Corrections was unreliable, and still sent notice by mail to the jail "'without any other precaution,'" notice would likely be constitutionally inadequate. See Rodriguez v. DEA, 219 Fed. App'x 22, 24 (1st Cir. 2007) (quoting Whiting, 231 F.3d at 77). In the absence of proof of the claimant's actual knowledge, the court must consider whether, under the "totality of the circumstances," the government satisfied its obligation to provide Riley with constitutionally adequate notice. United States v. One Starr Class Sloop Sailboat, 458 F.3d 16, 23 (1st Cir. 2006).

Here, plaintiff sent mail to Riley at the jail, and sent notice by certified mail to Riley's standby counsel. Riley claims that plaintiff was aware that he had problems receiving mail that was sent only to Attorney Wiberg while Riley was at the jail, but nothing in the record suggests that plaintiff had any reason to suspect that the Strafford County House of Correction's mail system was unreliable or that Riley was not likely to receive mail sent directly to him at the jail.

Riley asserts, and plaintiff does not deny, that he did not actually receive the notice of forfeiture sent to the jail or sent to Attorney Wiberg. While sending non-certified mail to the jail may not be as reliable as certified mail, given the circumstances here, where mail was sent to the jail and to

Attorney Wiberg in accordance with the notice requirements of Supp. R. G(4)(b)(iii)(B) & (C) (authorizing notice by mailing to the attorney representing claimant in related criminal case or by sending notice to the claimant's place of incarceration), I find that plaintiff's efforts to notify Riley of the forfeiture proceedings were "reasonably calculated" to afford him actual notice of the proceedings. See Mullane, 339 U.S. at 314; Whiting, 231 F.3d at 76.

> The First Circuit has stated that
>
> [i]t is well to be realistic about the situation: given the incentives, inmate denials that mailed notice was actually received are doubtless much more common than misdelivery, and knowledge is probably widespread among defendants in drug cases that the government does look to harvest assets from drug dealers incident to criminal cases. Still, it would be more comforting to see the government turn square corners and secure notice of actual receipt.

Whiting, 231 F.3d at 77. Accordingly, the better practice would be to send certified, rather than conventional, mail to inmates in jail. In this case, however, plaintiff's failure to send notice by certified mail to Riley, without more than is present on this record, will not defeat my finding that notice was adequate.

Plaintiff, in its objection asserts additional bases upon which to uphold the forfeiture decision. Finding that Riley was

afforded adequate notice, I decline to render any decision or opinion on plaintiff's remaining arguments.

## Conclusion

For the foregoing reasons, Riley's Motion for Relief from Final Judgment/Motion to Set Aside (doc. no. 55) is DENIED.

SO ORDERED.

_____
Landya B. McCafferty
United States Magistrate Judge

Dated: November 1, 2010

cc:     Daniel John Riley, pro se
        Seth R. Aframe, Esq.
        David H. Bownes, Esq.
        Stanley W. Norkunas, Esq.
        Romeo Lee Gonzalez, pro se