**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>United States of America</u>

    v.                                               Civil No. 08-cv-394-LM

<u>One R GUNS Model 44, 7.62 x 54
caliber rifle Serial Number 11844,
seized from Jason Gerhard, et al.</u>

**O R D E R**

Claimant Daniel John Riley filed a motion to set aside the judgment in a civil forfeiture action in this court pursuant to 18 U.S.C. § 983(e)(1)(A) and Fed. R. Civ. P. 60(b) (doc. nos. 55 & 58).[1]  This court issued an order denying Riley's motion (doc. no. 59).  Riley now objects to the court's order and to the assignment of a magistrate judge to this case, and seeks de novo review by an Article III judge in this court (doc. no. 60).  Plaintiff objects (doc. no. 61), and Riley has responded to the objection (doc. no. 62).  As fully explained herein, Riley's request for de novo consideration by an Article III judge is denied.

---

[1] Riley characterizes his action as a Motion for Relief from Final Judgment filed pursuant to Fed. R. Civ. P. 60(b).  The specific statutory authority for this action derives from 18 U.S.C. § 983(e)(5) ("A motion filed under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute.").

## Background

This forfeiture action was initially assigned to Magistrate Judge James R. Muirhead under the court's ordinary case assignment method.  The practice in this court, when the magistrate judge is assigned to a case, is to issue a Notice of Assignment to United States Magistrate Judge ("Notice") which must be served with the summonses.  That Notice advises the parties that they have a right to object to the assignment to the magistrate judge without adverse consequences.  No objections to the magistrate judge's jurisdiction were filed in this case until Riley filed the instant objection.

The docket in this case does not specifically indicate that the court issued a Notice with the summonses.  The docket does reflect, however, that after making service, the government filed affidavits of service as to the potential claimants served with notice of the forfeiture action (doc. nos. 5-7).  One affidavit (doc. no. 7) reflects service by certified mail upon Sven Wiberg, the attorney representing Riley in the criminal case related to this forfeiture action, on October 23, 2008. The documents served included the verified complaint for forfeiture in rem, notice of complaint, summons and warrant of arrest in rem, ECF notice, and notice of assignment to a magistrate judge.

Further, according to the government's Motion for Partial Final Order of Forfeiture (doc. no. 17), "Daniel Riley was sent notice of this forfeiture action by certified mail on September 24, 2008, October 1, 2008, and October 23, 2008. . . . Sven Wiberg, Esq., counsel for Daniel Riley, was sent notice of this forfeiture action by certified mail on October 23, 2008."[2] Attorney Wiberg represented Riley at the time this forfeiture action was filed.[3]  Neither Attorney Wiberg, nor anyone else acting on Riley's behalf responded to the forfeiture notice.  No verified claim or properly filed answer has ever been filed by or on behalf of Riley in this forfeiture action.

---

[2] Other documents in this case indicate that Riley himself was served by first class, rather than certified, mail.  This court has already ruled on the validity of service in this case, and this distinction is therefore immaterial to the court's ruling on the instant motion.

[3] According to the docket in Riley's criminal case, United States v. Daniel Riley, 07-cr-189-GZS, Attorney Wiberg was appointed to represent Riley in that case on October 26, 2007. On December 7, 2007, Riley filed a motion to proceed pro se, which was granted, but Attorney Wiberg remained in the case as Riley's standby counsel.  On March 14, 2008, at Riley's request, Attorney Wiberg was again appointed as main counsel (doc. no. 316).  Riley filed a motion to have Attorney Wiberg removed as his counsel on June 10, 2008 (doc. no. 439), which was denied on June 26, 2008 (doc. no. 452).  Riley again sought Attorney Wiberg's removal on July 10, 2008 (doc. no. 458), and the court again denied that request on July 21, 2008.  On October 13, 2008, Attorney Wiberg filed a motion to withdraw as Riley's counsel (doc. no. 548).  The court denied that motion on October 21, 2008.  On November 6, 2008, Attorney Wiberg filed a notice of appeal on Riley's behalf.  Correspondence between Riley and the clerk's office (doc nos. 571 and 572) indicates that Riley did not wish to be represented by Attorney Wiberg.

**Discussion**

I.  Consent to Jurisdiction of the Magistrate Judge

Under the Federal Magistrate Act, 28 U.S.C. § 636, federal magistrate judges "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specifically designated to exercise such jurisdiction by the district court or courts he serves," but only "[u]pon the consent of the parties."  28 U.S.C. § 636(c)(1).  Any party to an action is free to withhold consent to jurisdiction without adverse substantive consequences.  28 U.S.C. § 636(c)(2).  A magistrate judge may preside over a case by the implied consent of the parties where "the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the Magistrate Judge."  Roell v. Withrow, 538 U.S. 580, 590 (2003).

In this case, the litigants, prior to the entry of Riley to this action, were made aware of the need for consent to the magistrate judge's jurisdiction as well as their right to refuse the jurisdiction.  Neither the plaintiff, nor any claimant or putative claimant, until Riley, objected to the jurisdiction of the magistrate judge.  All of the litigants in this case who voluntarily appeared as parties in the case had the case considered and decided by Magistrate Judge Muirhead without objection to his jurisdiction.

II.  <u>Standing: Forfeiture Actions in Rem</u>

Procedures in forfeiture actions in rem, such as this, are governed by the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supp. R."). <u>See</u> Supp. R. A(1)(B).  In a forfeiture action, a verified complaint is brought in rem against the property as defendant. <u>See</u> Supp. R. C.  In order to become a party to the action, a claimant asserting an interest in the defendant property must file a verified claim pursuant to Supp. R. G(5), which requires any person who asserts an interest in or right against the defendant property to file a claim with the court within the time set by the notice of forfeiture action, in this case, thirty-five days after service of the complaint.  Failure to comply with the procedural requirements for opposing a forfeiture action precludes a person from establishing standing as a party to the action.  <u>See</u> <u>United States v. Real Prop.</u>, 135 F.3d 1312, 1316 (9th Cir. 1998); <u>United States v. Approximately 2,538.85 Shares of Stock Certificates of the Ponce Leones Baseball Club, Inc.</u>, 988 F.2d 1281, 1285 (1st Cir. 1993) (citing <u>United States v. One Urban Lot</u>, 978 F.2d 776, 778 (1st Cir. 1992) (where no claim is filed, putative claimant lacks standing to contest forfeiture)).

Here, service occurred, at the latest, on October 23, 2008.  Riley's first entry into this action, which was his Rule 60 motion and not a verified claim to the property as required by

5

the Supplemental Rules, occurred on June 17, 2010, more than a year and a half after proper service was made, far exceeding the thirty-five day period after the date of service within which a putative claimant must file a verified claim in order to obtain standing to challenge the forfeiture.  See Supp. R. G(5).  To obtain standing, a putative claimant must strictly comply with the technical requirements for filing a claim.  See One Urban Lot, 978 F.2d at 778; see also United States v. 8136 S. Dobson Street, 125 F.3d 1076, 1082 (7th Cir. 1997) ("putative claimant is not a party to the action" and lacks standing to seek relief from judgment under Rule 60(b)).  Riley's failure to file a timely claim precludes him from establishing standing as a party and from bringing any claim for the property in this matter. See Ortiz-Cameron v. DEA, 139 F.3d 4, 6 (1st Cir. 1998) (citing Real Prop., 135 F.3d at 1317 (Rule C(6)'s purpose would be "ill-served if any person with an ownership interest in a property . . . were empowered to challenge a forfeiture judgment long after judgment had been entered.")).

    The fact that Riley filed a Rule 60 motion to set aside the judgment of forfeiture did not serve to make Riley a party to this action.  See Real Prop., 135 F.3d at 1317.  Rule 60 authorizes only a "party" to an action to seek relief from a judgment or order.  Fed. R. Civ. P. 60.

III. Consent of Non-Parties Not Required

The statute conferring authority on the magistrate judge to preside over this matter requires only the consent of "the parties."  28 U.S.C. § 636(c)(1); see Real Prop. at 1317. Riley's failure to comply with the procedures in Supp. R. G(5) for filing a claim to the defendant property, after receiving legally adequate notice of these proceedings, precluded his entry as a party to this action and deprived him of the right to withhold consent to the magistrate judge's jurisdiction.  See Real Prop., 135 F.3d at 1317 (claimant's failure to give government notice of opposition to forfeiture proceedings for more than a year after process was served precludes challenge to forfeiture action); see also Roell, 538 U.S. at 589 (requiring only voluntary consent of "the parties" before a matter may be referred to a magistrate judge for final decision).  Because Riley is not a party in this action, his consent to the magistrate judge's jurisdiction is unnecessary, and such jurisdiction is unaffected by Riley's objection thereto.

Here, consent of the parties timely appearing in the case was not withheld and, under this court's procedures, the parties that were in the action were deemed to have consented to the magistrate judge's jurisdiction.  Accordingly, the magistrate judge's jurisdiction in this matter was properly obtained, and is properly exercised here.

## Conclusion

Riley's motion to set aside the decision of the Magistrate Judge and to proceed before an Article III judge (doc. no. 60) is DENIED.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: April 26, 2011

cc: Daniel John Riley, pro se
    Seth R. Aframe, Esq.
    David H. Bownes, Esq.
    Stanley W. Norkunas, Esq.
    Romeo Lee Gonzalez, pro se